WILL OF STRAHLENDORF: STRAHLENDORF (Erich), Appellant, vs. STRAHLENDORF (Heinrich), and others, Respondents.

*March 5—April 3, 1956.*

436

For the appellant there was a brief and oral argument by *Bernard F. Mathiowetz* of Milwaukee.

For the respondents there was a brief and oral argument by *A. Warren Cahill* of Waukesha.

MARTIN, J. Appellant's first contention that the court erred in vacating its order of June 15, 1954, is without merit. Sec. 324.05, Stats., provides:

"If any person aggrieved by any act of the county court shall, from any cause without fault on his part, omit to take his appeal within the time allowed, the court may, upon his petition and notice to the adverse party, and upon such terms and within such time as it shall deem reasonable, but not later than one year after the act complained of, allow an appeal, if justice appears to require it, with the same effect as though done seasonably; or the court may reopen the case and grant a retrial, but the order therefor must be made within one year after the act complained of."

Under the statute it was within the discretion of the trial court to reopen the proceedings in the interests of justice within one year after the will was admitted to probate. Authorities cited by appellant to the effect that a case may be reopened only upon facts showing a fraud upon the court or surprise or misrepresentation do not apply in this situation, since the petition was brought and the order reopening the matter was made within the year. Appellant has not shown, nor do we find anything in the record to show, that the trial court abused its discretion. On the contrary, the facts alleged in the respondents' petition were not only sufficient to warrant reopening the proceedings but, in our opinion, would be sufficient to show an abuse of discretion if the trial court had not vacated its previous order.

Appellant's second contention is that the trial court erred in denying probate of the March 28, 1953, will on the ground that the decedent lacked testamentary capacity at the time he executed it.

The scrivener, an attorney of twenty-four years' experience, was also an attesting witness. He testified that in his opinion the decedent was mentally competent to make a will on March 28, 1953.

Dr. F. R. Muelhaus, a physician, testified that he spoke with and observed the decedent on six or seven occasions late in 1952 and early in 1953 when he called at the Strahlendorf home to treat Mrs. Strahlendorf; that decedent was abnormal, unaware of his surroundings, incapable of forming individual rational judgments. It was his opinion, based on such observations, that decedent's condition was "caused by a general arteriosclerosis, hardening of the arteries, especially manifested in his brain, a sclerosis of the brain, and this sclerosis led to dementia senilis," that this condition of senile dementia existed on March 28, 1953. Dr. Muelhaus' last observation of the decedent was made in the beginning of March, 1953. He stated that the condition of the decedent is one which can be determined by observation alone; that in his opinion decedent's condition was a permanent and continuing one in which he would not be capable of having lucid intervals.

Another physician, Dr. Robert R. Stocker, testified that he treated Mrs. Strahlendorf in her home on several occasions between April, 1953, and January, 1954; that on each such occasion he saw the decedent; that from his observation he concluded decedent was suffering from arteriodementia and that, because of the gradual progress of such condition, he could not have been mentally competent or capable of forming a rational judgment on March 28, 1953.

There is a letter in evidence written by decedent's wife to Herbert and Gerda Strahlendorf in Germany on February 5, 1953, in which it is stated, referring to the decedent:

"When we take a little walk, he gets very weak and his mind is going more & more. Most of the time he doesn't know that I am his wife. He sits here and says: Who are you? Or, Who am I?, or Where am I?"

Since there was a conflict in the evidence as to decedent's competency on March 28, 1953, the question was for the trial

court. Its conclusion that Adolph Strahlendorf was not competent on that date is based largely on the medical testimony. Appellant states that *Estate of Radel* (1946), 248 Wis. 558, 22 N. W. (2d) 475, is similar to this case and points out that this court there reversed the judgment denying probate even though there was medical testimony that the testator suffered from a condition which made him incompetent. In that case, however, the medical opinion that the testator was incompetent was contradicted by that of another doctor, which did not exclude the possibility of lucid intervals; the great weight and clear preponderance of the evidence was to the effect that the testator did have lucid intervals and that on the day of the will he knew what he was doing. The medical testimony here is that before and after March 28, 1953, decedent suffered from a condition the nature of which precluded the possibility of rational intervals and that he could not have been rational on the date in question.

Appellant maintains that great weight should be given to the testimony of the scrivener and attesting witness, citing *Estate of Scherrer* (1943), 242 Wis. 211, 7 N. W. (2d) 848, and argues that testamentary capacity was established by the attorney's testimony. The medical evidence of incompetency in this case is clear, convincing, and satisfactory, based on personal observation of the doctors rather than hypothetical questions. All the evidence must be weighed. As stated in *Will of Williams* (1925), 186 Wis. 160, 169, 202 N. W. 314:

". . . when attesting witnesses of good character give such testimony as was given in this case it should receive great consideration. But it would be a dangerous doctrine that in such a contest the testimony of the two attesting witnesses is conclusive. Their testimony is to be considered in connection with all the other evidence."

The record amply supports the trial court's conclusion that decedent lacked testamentary capacity on March 28, 1953. It properly denied probate of the will.

*By the Court.*—Order and judgment affirmed.